544 (Mar. 1, 1984). And the jury so found by assigning 35% of the liability to appellee Eaton.

Accordingly, I would reverse the order of Superior Court and reinstate the judgment entered by the Court of Common Pleas of Philadelphia County.

PAPADAKOS, J., joins in this dissenting opinion.

564 A.2d 1249

**Maryfrances CASSELL, Appellant,**

**v.**

**Henry F. GINGRICH, Gingrich and Smith, and A. Arlene Miller, Appellees.**

Supreme Court of Pennsylvania.

Submitted April 11, 1989.

Decided Oct. 17, 1989.

Craig A. Doll, for appellant.

Richard B. Swartz, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

The appeal from the order of the Superior Court entered on November 23, 1987, at No. 1597 Philadelphia 1987, 374

Pa.Super. 637, 538 A.2d 935, is hereby dismissed as having been improvidently granted.

564 A.2d 1250

**Maryfrances CASSELL, Appellant,**

v.

**Henry F. GINGRICH, Gingrich and Smith, and A. Arlene Miller, Appellees.**

Supreme Court of Pennsylvania.

Submitted April 11, 1989.

Decided Oct. 17, 1989.

Craig A. Doll, for appellant.

Richard B. Swartz, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

The order of the Superior Court entered on December 29, 1987, at No. 1598 Philadelphia 1987, 375 Pa.Super. 612, 541 A.2d 25, is reversed. The matter is remanded to the Superior Court with instructions that it vacate the order since the matter was disposed of by their action taken in No. 1597 Philadelphia 1987.